Hamrick *vs.* Darnell.

---

HARRISON HAMRICK, plaintiff in error, *vs.* DAVID DARNELL, defendant in error.

1. When on the trial of a case for "forcible entry and detainer," under the provision of the Code, the jury found a verdict for "forcible detainer" only, and there being no evidence in the record to sustain the verdict for forcible detainer:

*Held,* That a new trial should have been granted, and the case tried before another jury.

2. Inasmuch as the Act of 1869 does not provide for the selection of jurors for the trial of cases of forcible entry and detainer by Justices of the Peace, the jury, under the Constitution of 1864, may be selected under the law as provided by the Code for that purpose, so they are upright and intelligent jurors.

*Certiorari.* Forcible entry and Detainer. Jury, etc. Before A. W. HAMMOND, Judge *pro hac vice.* Campbell Superior Court. April Term, 1871.

Hamrick charged Darnell with entering upon and detaining certain of Hamrick's land "violently, with menaces, force and arms, and without authority of law," and obtained a warrant from a Notary Public, *ex officio* a Justice of the Peace. The Notary had twelve men summoned as a jury, and called in the Justice of the Peace of the district, and was ready to try the cause on the day appointed for the trial. Before the jury was empanelled, Darnell's counsel moved to quash the proceedings, because, under the Constitution of 1868, the Notary and Justice of the Peace had no jurisdiction to try forcible entry or forcible detainer cases, and, by reason of a change in the jury system, could not summon a legal jury, because jurors must be "upright and intelligent" citizens, and that qualification under the jury system could not be ascertained by a Justice of the Peace. No objection was made to any one of the persons summoned for a jury. The Justices said that they had jurisdiction to try said cause, and if they could not impanel a jury they would try it without one. Counsel then consented to try before the persons summoned. They were sworn, and the trial proceeded. It appeared from the evidence that Hamrick's tenant, while in possession of the land, was approached by Darnell, one Terry and one Whitly; and Whitly told the tenant he had better leave the land, "that there were too many hickories growing there for him to remain; that he could go to Atlanta, and, with a bottle of whisky, get a crowd of ruffians at any time that would put him out." The others said nothing approving what Whitly said, ex-

cept that Terry said he had bought the land, and that Hamrick had abandoned it. On the next day this tenant rented part of the land from Terry, and Darnell was to occupy the balance of it. Shortly afterwards, Darnell took possession peaceably and quietly. Subsequently Hamrick's agent gave Darnell notice to leave the land, but he said he would not, quietly, without threat or menace. The Notary charged the jury, among other things, that they were the sole judges of the law and facts, and that defending a suit for the possession of land was a forcible detainer. The jury found Darnell "in forcible detainer of" said land. Darnell, by *certiorari*, averred that the refusal to dismiss the warrant, the holding that the Justices had jurisdiction, the allowing said jury to try said cause, the charging of the jury at all, and the latter clause of the charge as given, were errors in law, and that the verdict was strongly and decidedly against the weight of the evidence. When the cause came on for hearing, Judge Wright, being related to one of the parties, would not preside, and, by consent, A. W. Hammond, Esq., an attorney-at-law, was made Judge *pro hac vice*. He held, 1st. That the Justices had jurisdiction, if not by law, by consent. 2d. That forcible entry and detainer were now triable, as before the Constitution of 1868. 3d. That he would presume the jury was properly drawn and impanneled, as no one of them was excepted to. 4th. That there was no sufficient evidence of forcible entry; and 5th. No evidence of forcible detainer. 6th. That the charge was erroneous, and the latter clause especially, because there was no evidence of resisting a suit at law; but that it was the duty of the Court to charge the jury the law of the case; and he ordered that the *certiorari* be sustained, and that all things done and decided in the Court below be set aside at the cost of Hamrick.

Darnell's counsel say that the Court erred in said fourth, fifth and sixth grounds, and in making said order; and the counsel of Hamrick say he erred in the other grounds of the decision.

L. R. RAY, for plaintiff in error: As to jurisdiction of Justice: 15 Ga. R., 361. Jurors are presumed to be competent: Wheeler *vs.* State, last term. The Court can pass on nothing but the errors complained of in the petition: Revised Code, section 3993; 14 Ga. R., 36. What amounts to forcible detainer: 24 Ga. R., 193; Revised Code, section 4451; 2 Bish. Cr. L., 478, 481, 485. Possession need not be actual: 2 Bish. 484. Fear: 12th Ga. R., 322. Entry by strategy, etc.: 2 Bish. Cr. L., 477; 24 Ga. R., 191; 3 Brevard, S. C. R., 413. If justice done no new trial because of erroneous charge: 37 Ga. R., 195. If facts are involved, case must go back to trial: Revised Code, section 3995.

LESTER & THOMSON, for defendant.

WARNER, Judge.

This case came before the Court below on a *certiorari* from a Justice's Court, alleging certain errors to have been committed on the trial of a case of "forcible entry and detainer," under the provisions of the Code. On the hearing of the *certiorari* both parties excepted to the rulings of the Court. The Court below decided that the Constitution of 1868, having recognized and adopted the Code called Irwin's Code, did not destroy or abolish the right to sue out and try cases of forcible entry and detainer, as heretofore practiced in this State. Upon this point in the case we affirm the judgment of the Court.

It does not appear in the record how the jury were drawn for the trial of the case, but it does appear that no particular juror was objected to on the ground that he was not an upright, intelligent juror. The Court below decided that, as there was no evidence going to show how the jury was selected, summoned and impanneled, the legal presumption was, that they were properly selected, summoned and impanneled. Inasmuch as the Act of 1869 relates exclusively to

Hamrick vs. Darnell.

the selection of jurors for the Superior Courts, and inasmuch as the General Assembly have not provided by law for the selection of jurors for the trial of cases of forcible entry and detainer, by Justices of the Peace, under the Constitution of 1868, the jury may be selected under the law as provided by the Code for that purpose, so they are upright and intelligent jurors, which is not inconsistent with the Constitution of 1868, and we affirm the judgment of the Court below on this point in the case.

The Court also decided that there was not sufficient evidence, under the law, to have authorized the jury to find a verdict for either a " forcible entry" or a " forcible detainer" of the land by the defendant, Darnell, as against the plaintiff, Hamrick. In looking through the evidence contained in the record, we think there was sufficient evidence to have authorized the jury to have found a verdict, under the law, for a " forcible entry;" and if the jury had so found, the Court below should not have set aside their verdict. But the jury found a verdict for "forcible detainer" only, and thereby negatived the fact that the entry by the defendant on the land was forcible and without authority of law, and this Court cannot now assume that it was so, as there is sufficient evidence in the record to sustain the verdict, which was conflicting in regard to that point in the case; of which the jury, according to the repeated rulings of this Court, were the proper judges.

Does the evidence in the record show that the detainer of the possession of the land by the defendant, was forcible and without authority of law? The only evidence upon that point is, that the agent of the plaintiff notified the defendant to quit the land, and the defendant replied that he should not do so; that there was no violent word or act on the part of defendant, or any threat or offer to do either in keeping possession of the land; that defendant had moved one of the houses on the land. " Forcible detainer is the violently keeping possession of lands and tenements with menaces,

force and arms, and without authority of law:" Code, 4452. The verdict of the jury rebuts the allegation that the entry of the defendant on the land was forcible and without authority of law, and there is no evidence in the record that the detainer of the possession of the land by the defendant was *forcible*, within the true intent and meaning of the law applicable to such cases. The mere defending a suit at law for the possession of the land by the defendant, did not amount to a forcible detainer as the Justice charged the jury on the trial.

There was no error in the judgment of the Court below in sustaining the *certiorari* and setting aside the verdict, on the statement of facts disclosed by the record, and we affirm the judgment of the Court on that point. But instead of awarding a final judgment in the case, we direct that a new trial be had of the whole case before another jury.

Judgment affirmed and a new trial ordered.