STUCKEY *vs.* CARLETON.

66   215
95   516
66   215
116  756

1. Where a plaintiff brought his action for forcible entry and detainer, and it appeared that he was in possession of only a small part of the land, that defendant bought the part in dispute and claimed title to it for several years, that the lines had been laid out and plaintiff had recognized his rights in the land, and that defendant used no other violence or force than causing rails to be split and fences erected, and refusing to desist therefrom, a verdict for the defendant was required by the evidence.

2. The summary remedy of forcible entry and detainer was never intended to test title or to prevent trespass; the only facts to be inquired of by the jury are the possession and the force; they are not to inquire into the merits of the title on either side.

Forcible entry and detainer. Title. Actions. Before Judge LAWSON. Wilkinson County. At Chambers. March 19, 1880.

To the report contained in the decision it is only necessary to add that Stuckey brought his action of forcible entry and detainer against Carleton, and on the trial the jury found for defendant. Plaintiff petitioned for a *certiorari*, which was refused, and he excepted.

J. W. LINDSEY; O. BOWER, by brief, for plaintiff in error.

F. CHAMBERS, by brief, for defendant.

CRAWFORD, Justice.

This case is brought by the plaintiff in error before this court upon the refusal of the judge below to sanction a petition for *certiorari*.

The grounds upon which he sought this writ were:

1. That upon the trial of the case, which was one of forcible entry and detainer, the justice allowed the defendant, while testifying as a witness, to relate what Stuckey, the party suing out the warrant, had told him,

the defendant, in reference to the advice which was given him by his alleged counsel, Chambers and Lindsey, and then to repeat what each one of those parties told him, the defendant, contradicting such statement, and arguing therefrom that he, Stuckey, was unworthy of belief.

2. Because the court allowed defendant's witness, Gallimon, to testify that he *considered* himself in possession of the land about the year 1863, he being a party through whom the defendant claimed possession.

3. Because the jury trying the case found contrary to law and evidence, and without evidence sufficient to sustain the verdict.

1. Forcible entry is defined to be, the violently taking possession of lands and tenements with menaces, force and arms, and without the authority of law.

An examination of the testimony submitted in support of the warrant, shows no possession of that land by the party complaining, which was alleged to have been forcibly entered. It only goes to the extent of showing that the plaintiff was in possession of a very inconsiderable part of the lot, and it wholly fails to show that the defendant entered upon that part about which the controversy exists violently, with menaces, force and arms, and without authority of law. On the contrary, it appears that the defendant claimed ownership from 1877, that very soon after he purchased it the lines were run; and it was found that plaintiff's mill was on the line, when he removed it, and, upon notice by the defendant, ceased to cut and use timber from the land, evidently recognizing defendant's rights therein. About the last of February, 1880, the defendant went upon the land with his hands, commenced splitting rails and fencing the same, but it does not appear that there was any force or violence used in the manner of his entry.

It is true that when he was ordered off the land by the wife of the plaintiff, he refused very positively to go, and asserted his right to the possession.

The testimony, in our judgment, was not sufficient to authorize a verdict for the plaintiff, as he failed ·to show such possession as was necessary to maintain his warrant, and such violence and unlawful entry as the statute requires. Failing, therefore, on this most material part of his case, the other grounds of error alleged can in nowise change the result.

2. This summary remedy of forcible entry and detainer, was never intended to test title or to prevent trespass. The only facts to be inquired of ·by the jury, says the law, shall be the possession and the force, but they shall have no power to inquire into the merits of the title on either side.

We do not see that the judge erred in his refusal to sanction the petition· for *certiorari*.

Judgment affirmed.