## HARRELL *vs.* HOLT *et al.*

On the trial of a warrant for forcible entry and detainer, the evidence showed that the principal defendant had recently been in possession of the land and tenements in question; that, in her absence, they had been entered on surreptitiously and secretly, without her knowledge and against her consent, by the agent and would-be tenant of the plaintiff, they breaking open the house, which had been securely fastened, and removing corn found in the building; that in a few days thereafter, the principal defendant came to the place with her furniture and household goods, and demanded restoration of possession; that neither she nor those accompanying and assisting her to remove her goods to the premises made use of any violence or uttered any threats or menaces; and that her entry was not accompanied by force or the display of arms. The jury summoned to try the case found for the defendants:

*Held* that, on the petition for *certiorari*, which showed the above facts, the sanction of the presiding judge was properly refused.

October 20, 1885.

Forcible Entry and Detainer. Before Judge KIBBEE. Pulaski County. At Chambers. February 21, 1885.

Reported in the decision.

J. B. MITCHELL; A. C. PATE; W. L. GRICE, for plaintiff in error.

JORDAN & WATSON; J. H. MARTIN, for defendants.

HALL, Justice.

Forcible entry is the violently taking possession of lands and tenements with menaces, force and arms, and without authority of law (Code, §4524); and forcible detainer is the violently keeping possession of the same, in the same manner, and by the employment of the same means (*Id.*, §4525), and these offenses are punishable, on conviction upon indictment. *Id.*, §4526. A more summary and additional remedy is given the party thus forcibly evicted or kept out of possession, by a warrant issued and tried before justices of the peace and a jury summoned and empanelled for the purpose (*Id.*, §4085), and where resort is had to this proceeding, as was done in this case, the only facts that can be inquired into by the jury, upon the trial, are the possession by the plaintiff in the warrant and the force used by the defendants. *Id.*, §4087. The jury found for the defendants, and thus negatived the idea that the plaintiff's tenant was violently removed from the premises, and kept out of the same by menaces, force and arms, and without authority of law, or that the plaintiff was lawfully in possession thereof. On this finding, the plaintiff petitioned for a *certiorari*, which the judge refused to sanction. We cannot say that he erred in thus refusing to order the writ. It is evident from the statements in the petition that the principal defendant had but recently been in the possession of the land and

tenements in question, and that in her absence they had been entered on surreptitiously and secretly, without her knowledge and against her consent, by the agent and would-be tenant of the plaintiff, they breaking open the door of the house, which had been securely fastened, and removing therefrom the corn found in the building. It is true that, in a few days thereafter, the defendant, Mary Holt, came to the place, with her furniture and other household goods, and demanded restoration of possession. Neither she nor those accompanying her and assisting to remove her goods to the premises, made use of any violence or uttered any threats or menaces, and her entry thereon was not accompanied by force or the display of arms. The whole business seems to have been conducted in a remarkably quiet and orderly way, and no serious resistance appears to have been made to her entry; indeed, there was scarcely a remonstrance against her so doing. The verdict of the jury was sustained by the evidence, and in refusing to disturb it, the court exercised only a sound discretion, with which we cannot interfere.

Judgment affirmed.