Dixon & Company stand, and that the sheriff put them in possession of the iron.    Hawkins excepted.

W. G. Brantley, for plaintiff in error.
Charlton, Mackall & Anderson, *contra*.

---

## Lott *v.* Peterson.

Simmons, J.—Neither forcible entry nor forcible detainer was constituted by merely refusing, peaceably and without any threat or display of force, to desist from enclosing, under claim of right, a church edifice on request of one of the trustees of the church who visited the premises while the work was in progress, nor by afterwards locking the gate of the enclosure and posting thereon a warning in these terms: "All persons are positively forbidden to trespass upon these grounds by or under any deed or other instrument of writing not given by the undersigned. The worship of God is not prohibited when the above is fully complied with." *Curry* v. *Hendry*, 46 *Ga.* 631; *Stuckey* v. *Carleton*, 66 *Ga.* 215; *Blackwell* v. *The State*, 74 *Ga.* 816.        *Judgment reversed.*
October 22, 1894.

Petition for *certiorari*.    Before Judge Sweat.    Coffee county.    June 9, 1894.

Holton & Son and E. D. Graham, for plaintiff in error.

---

## Furgerson *v.* Bagley.

Lumpkin, J.—The rule of the code (¶2681) that the actual possession of a part of a tract of land by one having paper title to the whole extends by construction over the whole tract, is satisfied where a *bona fide* purchaser for value, after taking a conveyance, encloses even as small a portion as one acre of a lot containing 490 acres, adds to it half an acre in the following year, and in that year cultivates the whole enclosure; then, in subsequent years, builds upon the tract and otherwise improves it, maintaining his possession openly and notoriously under a claim of right until the full term of seven years has expired from the date of completing his first enclosure.    These facts will enable him to assert a prescriptive title against an action brought by the true owner after the seven years have expired; and the court may so instruct the jury as matter of law.        *Judgment affirmed.*
October 22, 1894.