## GRIFFIN *v.* GRIFFIN.

A verdict for the plaintiff in a proceeding founded upon Civil Code, § 4823 et. seq., providing a civil remedy for forcible entry and detainer, is not warranted when the evidence shows that the entry was made into an occupied dwelling-house during the temporary absence of the person entitled to the possession.

Argued November 20, — Decided December 12, 1902.

Petition for certiorari. Before Judge Hart. Laurens superior court. March 29, 1902.

*S. B. Baker* and *Akerman & Akerman,* for plaintiff in error.

Cobb, J. Fred D. Griffin instituted in the justice's court an action of forcible entry and detainer against George Griffin, under the provisions of the Civil Code, § 4823 et seq. The case was tried before a jury, and a general verdict for the plaintiff was rendered. The defendant filed a petition praying for a writ of certiorari, and to the refusal of the judge to sanction the petition he excepted. The sole question made in the petition is whether the

verdict in the justice's court was warranted by the evidence, which
as set out in the petition was in substance as follows: The plain-
tiff was in possession of the house alleged to have been entered by
the defendant, using the same as a dwelling-house. He went away
temporarily and locked up the house, leaving his bed, bedding, and
other articles of furniture in the house. The back door of the
house was fastened with a padlock by attaching a chain to a staple
in the door facing; the chain being attached to the door by a lit-
tle wire. During the plaintiff's absence the defendant broke open
the back door of the house with an ax, entered and took posses-
sion, and, when plaintiff returned, refused to surrender possession,
claiming that he entered rightfully, and telling plaintiff that he
would have to go to court to recover possession. Under the aver-
ments of the petition, the jury were warranted in finding the facts
to be as above stated, though, according to the defendant's testi-
mony, he used no other force in making the entry into the house
than to twist the little wire which attached the chain to the door.
The only facts which the jury were authorized to inquire into were
the "possession and the force." The merits of the title were not in-
volved. Civil Code, § 4826. It would seem that in a proceeding
of this character, where the affidavit alleges both a forcible entry
and a forcible detainer, it is necessary to prove both a forcible entry
and a forcible detainer. See, in this connection, *Lewis* v. *State*,
infra. But, without reference to this point, we are of opinion that
under the facts alleged in the petition for certiorari a verdict in
favor of the plaintiff was not warranted, and that the judge of the
superior court erred in refusing to sanction the petition. In *Lewis*
v. *State*, 99 *Ga.* 692, it was held that "breaking and entering an
unoccupied house in the absence of the person who had previously
been in possession and control thereof, and who still claimed the
right to the possession, is not indictable." In a carefully consid-
ered opinion, wherein he refers to both English and American au-
thorities, Mr. Justice Lumpkin reaches the conclusion that the rule
stated in the headnote and which is quoted above was of force un-
der the English law, notwithstanding a statement to the contrary in
some of the authorities. The judgment was reversed in that case,
because the evidence failed to show a forcible entry when the in-
dictment had alleged both a forcible entry and a forcible detainer;
it being held that it was necessary to show both. In the opinion

it is stated that the Penal Code, § 338, adopts the common-law definition of forcible entry. That section is as follows: "Forcible entry is the violently taking possession of lands and tenements with menaces, force and arms, and without authority of law."

As the provisions of our statute dealing with the civil proceeding do not undertake to define forcible entry and forcible detainer, it is manifest that the common-law definitions are to be applied also to the action instituted to redress the mere private wrong. Forcible entry or detainer was at first, under the English law, only an offense against the public. But by several early English statutes a summary proceeding was provided before one or more justices of the peace, who had power to summon a jury and try the question; and if the person against whom the complaint was made was found to have committed a forcible entry or a forcible detainer, then a fine was imposed upon him, and in addition to this possession was restored to the complaining party without inquiring into the merits of the title. 2 Black. Com. 149; 3 Id. 179; 13 Am. & Eng. Enc. L. (2d ed.) 744; 2 Taylor's Land. & T. (8th ed.) § 786. It will thus be seen that under the English statutes the civil remedy and the criminal prosecution were governed by the same rules, for they were tried together in the same proceeding. Indeed, the proceeding was really a prosecution for the public offense, with the incidental right of the person entitled to the possession to have his possession restored. Our statutes have, however, separated the two proceedings, but the statute providing the civil remedy bears a striking analogy to the proceeding had under the English statutes, and the same rules as to the character of the force necessary should be applied to it as to the prosecution for the public wrong. See, in this connection, 9 Enc. P. & P. 35. In 2 Taylor's Land. & T. (8th ed.) § 787, referring to the civil remedy, it is said: "To make an entry forcible, there must be such acts of violence used, or such threats, menaces, or gestures exhibited, as give reason to apprehend personal injury or danger in standing in defense of the possession." This is substantially the definition of our Penal Code upon which the ruling in the *Lewis* case was founded. The definitions of forcible entry and forcible detainer contained in the Penal Code have been treated by this court as being applicable to the civil proceeding. See *Harrell* v. *Holt,* 76 *Ga.* 25; *Stuckey* v. *Carleton,* 66 *Ga.* 215. We think, therefore, that inasmuch as, under

the averments of the petition for certiorari, the uncontradicted evidence showed that the plaintiff was temporarily absent from the house at the time the defendant entered, the verdict rendered was not warranted, and the petition for certiorari should have been sanctioned.

*Judgment reversed.    All the Justices concurring, except Lumpkin, P. J., absent.*