### 3722.  CATE *v.* KNIGHT *et al.*

1. Where an affidavit founded upon the Civil Code (1910), § 5395 et seq., charges the defendant with both forcible entry and forcible detainer, in order to authorize a general verdict against the defendant it must appear that he entered upon the premises in defiance of the occupant, and with such a display of force as to deter him from maintaining his possession, and that, after so entering, the defendant detained possession of the premises with a display of like force.
2. Applying this rule to the facts of the present case, the court erred in refusing to sustain the certiorari.

DECIDED MARCH 6, 1912.

Certiorari; from Walker superior court—Judge Maddox. September 5, 1911.

*Foust & Payne, R. M. W. Glenn, W. M. Henry*, for plaintiff in error.

*W. P. McClatchey*, contra.

POTTLE, J.: Knight and others instituted an action against Cates, under the provisions of the Civil Code (1910), § 5395 et seq., charging that the defendant did "with menaces and force and arms, violently and without authority of law," take possession of a described lot of land, and does now "forcibly detain same without authority of law." The jury found for the plaintiffs, and the defendant excepts to a judgment overruling his certiorari. The only point made in this court is that the verdict is contrary to law and the evidence.

It has been held that where a defendant is indicted for forcible entry and detainer as one offense, he can not be convicted unless the evidence shows both a forcible entry and a forcible detainer. *Blackwell v. State,* 74 *Ga.* 816. Analogizing this to the civil proceeding, it would seem that where the affidavit alleges both a forcible entry and a forcible detainer, it would be necessary to prove both a forcible entry and a forcible detainer. See, in this connection, *Griffin* v. *Griffin,* 116 *Ga.* 754 (42 S. E. 1005). The only issues involved in a proceeding of this character are the possession and the force. Civil Code (1910), § 5398.

There is some question, under the evidence, as to whether the plaintiffs were in possession of the premises in dispute; but, without reference to this question, we are clear that the verdict was unauthorized, because no such force was shown as is contemplated by the statute. "To enter upon premises in defiance of the occupant and with such a display of force as reasonably to deter him from maintaining his possession is forcible entry." *Lissner* v. *State,* 84 *Ga.* 669 (11 S. E. 500, 20 Am. St. Rep. 389). See, also, *Lewis* v. *State,* 99 *Ga.* 692 (26 S. E. 496, 59 Am. St. Rep. 255); *Griffin* v. *Griffin,* 116 *Ga.* 754 (42 S. E. 1005); *Hamrick* v. *Darnell,* 43 *Ga.* 433; *Lott* v. *Peterson,* 95 *Ga.* 516 (20 S. E. 275). It seems, from the evidence, that the defendant owned lot No. 200, and the plaintiffs owned lot No. 233. There was a dispute in reference to the location of the line between these two lots. The defendant built a house and occupied it. He claims that the house is on his lot, and the plaintiffs claim that he built the house over the line, on their land. There is absolutely no evidence of any

character to show any forcible entry by the defendant. One of the plaintiffs testified that he told the defendant not to build or to move on the place. But the mere fact that the defendant disregarded this notice and peaceably and quietly moved into the house which he had built is no evidence of force such as is contemplated by the statute. Nor do we think there was any evidence authorizing a finding that the defendant had forcibly detained the premises in dispute.

After the defendant had moved into the house, one of the plaintiffs went to him and told him to move off, and he refused to do so, "but told him that before they got rid of him they would have a happy time of it." He made no display of force, offered no violence, and made no other threat. It is claimed that this was such a show of force, such an indication that the defendant would use force if necessary to maintain his possession, as to bring the case within the rule laid down in *Lissner* v. *State,* supra; but we do not agree with this conclusion. The defendant's language may have been a mere idle threat. He may simply have meant that he intended to resist the plaintiffs with legal proceedings, which he had a right to do. At any rate, there was absolutely no manifestation of any force. The proceeding is not intended to try title to land; nor to take the place of an action of ejectment, nor to settle disputed land lines. There being no evidence of either forcible entry or forcible detainer, the trial judge should have granted the certiorari.                    *Judgment reversed.*